UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HASAN ALADDIN HADID, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-04144 |
| I.C. SYSTEM, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW comes HASAN ALADDIN HADID ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.C. SYSTEM, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 under U.S.C. §1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person, over 18 years of age, residing in the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Defendant identifies itself as "a dedicated and talented collection of Accounts Receivable Management experts."[1] With a principal office located at 444 Highway 96 E, Vadnais Heights, Minnesota, Defendant in the business of collecting consumer debts for others throughout the country, including in Illinois.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a consumer credit card issued through State Farm Bank, F.S.B. ("State Farm"), which he used to make purchases of consumer goods and services.

10. In 2016, Plaintiff allegedly defaulted on his monthly payments to State Farm. As a result of his alleged default, State Farm asserted that Plaintiff owed it approximately $825.29 ("subject consumer debt").

11. A dispute arose regarding the subject consumer debt between Plaintiff and State Farm prompting Plaintiff to file a lawsuit.

---

[1] http://www.icsystem.com/about-us/

12. On December 30, 2016, Plaintiff caused to be filed a lawsuit against State Farm in the Northern District of Illinois, Eastern Division under case number 1:16-cv-11761 ("prior litigation").

13. Plaintiff was represented by Sulaiman in the prior litigation.

14. State Farm was aware that Plaintiff was represented by Sulaiman with respect to the prior litigation as well as the subject consumer debt.

15. During the pendency of the prior litigation, State Farm turned the collection of the subject consumer debt over to Defendant.

16. In referring the subject consumer debt to collection, State Farm notified Defendant of the prior litigation.

17. When Defendant took over collection of the subject consumer debt, it ran various searches or "scrubs" regarding Plaintiff, which informed it of the prior litigation.

18. Despite actual knowledge of the prior litigation and Sulaiman's representation with respect to the subject consumer debt, Defendant directly contacted Plaintiff.

19. On or around April 7, 2017, Defendant caused to be sent directly to Plaintiff a collection correspondence seeking payment of the subject consumer debt. *See* attached Exhibit A is a true and correct copy of the collection correspondence.

20. Defendant identified itself as a debt collector in the collection correspondence. *See* Exhibit A.

21. Concerned and confused over Defendant's collection correspondence, Plaintiff spoke with Sulaiman regarding his rights.

22. Plaintiff has suffered financial loss as a result of Defendant's actions, including but not limited to, postage purchased to send the collection correspondence to Sulaiman.

23. Defendant has attempted to mislead Plaintiff by engaging in prohibited communications towards him.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The FDCPA states:

> "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. §1692c(a)(2).

28. Defendant violated 15 U.S.C. §§1692c(a)(2), d, and f during its communications and actions towards Plaintiff. Through information provided to it by State Farm, as well as its own independent scrubs, Defendant knew about the prior litigation. Sulaiman has never received any communication from Defendant regarding Plaintiff nor has it given permission for direct contact. Any modicum of investigation by Defendant would have given it the name and contact information of Sulaiman. Instead of working through Sulaiman, Defendant willfully elected to engage in direct contact with Plaintiff through the collection communication it sent.

29. As an experienced and sophisticated debt collector, Defendant is well aware that consumers are more likely to be unaware of their rights and make payment when they are not

represented by counsel. Armed with this knowledge, Defendant purposefully circumvented working through Sulaiman with the goal of obtaining payment of the subject consumer debt. Upon information and belief, Defendant regularly engages in the above described behavior for financial gain.

30. As plead in paragraphs 21 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, HASAN ALADDIN HADID, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further direct contact with Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 31, 2017                                    Respectfully submitted,

s/ Nathan C. Volheim                                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the Northern District of Illinois          Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                         900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                              Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                            (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com